THE BOARD OF EDUCATION OF THE TOWNSHIP OF BER-
NARDS, PLAINTIFF-RESPONDENT, v. THE BOARD OF
EDUCATION OF THE BOROUGH OF BERNARDSVILLE,
DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 1, 1950—Decided May 24, 1950.

Before Judges COLIE, JAYNE and EASTWOOD.

*Mr. Morris M. Schnitzer* argued the cause for appellant (*Messrs. Kasen, Schnitzer & Kasen,* attorneys).

*Mr. Woodruff J. English* argued the cause for respondent (*Messrs. McCarter, English & Studer,* attorneys).

The opinion of the court was delivered by

COLIE, J. A. D.  This appeal involves the apportionment of bonded indebtedness between the Township of Bernards and

the Borough of Bernardsville, hereinafter respectively referred to as Township and Borough.

Prior to October 30, 1947, the Township and the Borough comprised a single school district. On that date, the Borough held an election under *R. S.* 18:5–3 and a majority vote favored the separation of the Borough from the then existing school district. After the election, the schools in the former district comprising both the Township and the Borough were, in accordance with *R. S.* 18:5–4, operated by the Township until July 1, 1948. The Bernardsville High School is located in the Borough and there was outstanding $114,000 of bonded indebtedness on it. The Borough admits that under *R. S.* 18:5–6 it was obligated to assume the entire indebtedness on that building. The Basking Ridge School is located in the Township and on it there is a bonded indebtedness of $64.000. The proportion of ratables in the original school district was 40.59495% for the Township and 59.40505% for the Borough. In anticipation of $5,000 par value of bonds on the Basking Ridge School, maturing on December 1, 1948, the Board of Education of the Township billed the Board of Education of the Borough in the amount of $3,445.49, being the latter's proportion of the said $5,000 based on the percentage of ratables in the Borough. The Borough refused to honor the bill and thereafter the Township paid and filed a petition with the Commissioner of Education seeking a determination of the controversy and an order directing the Borough to pay the aforesaid amount with interest. The Commissioner of Education held against the Borough and on appeal, the State Board of Education affirmed. This appeal is from the latter determination.

There is no dispute but that the bonded indebtedness on the high school located in the Borough amounted to $114,000 and that the bonded indebtedness on the Basking Ridge School located in the Township amounted to $64,000, and consequently the bonded indebtedness on the whole original district comprising both the Township and the Borough was $178.000. Statutory authority for charging the entire bonded indebted-

ness on the high school against the Borough is to be found in *R. S.* 18:5–6:

"The board of education of a new school district shall become vested, in its corporate capacity, with the title to all school property real and personal in the district.

"Any indebtedness incurred for the erection, repair or purchase of any such property, for which the board of education of the school district to which such property originally belonged is liable, shall be assumed by and become the obligation of the board of education of the new district. Upon payment of such indebtedness by the district orginally liable therefor, the board of education thereof may maintain an action therefor against the board of education of the new district."

The decision of the Commissioner, affirmed by the State Board, apportioned the bonded indebtedness against the Borough at $152,019.23 and with this apportionment the Borough feels aggrieved.

■ ■ The situation is controlled by statute and if the apportionment is to be sustained, it can only be done by virtue of statutory authority. *Board of Education of West Paterson v. Board of Education of Little Falls,* 92 *N. J. L.* 284 (*Sup. Ct.* 1918).

*R. S.* 18:5–10 is also clearly applicable. It provides:

"When a part of a school district shall become a new school district or a part of another school district, the new district or the district of which it becomes a part shall assume the liability for a proportion of the indebtedness of the whole original district outstanding at the time of separation, which proportion shall be as are the ratables of the separating part of the district to the ratables of the whole original district. The value of such ratables shall be computed from the records of the tax assessor for the year next preceding the date of separation."

This language is clear. It obligates the separating district, in this case the Borough, to assume a proportion of the liability of "the whole original district outstanding at the time of separation." That indebtedness was $178,000 as heretofore mentioned. The Borough's percentage of that indebtedness, based on its share of the ratables, amounted to $105,740.99. By reason of *R. S.* 18:5–6, the Borough, in assuming the

indebtedness on the high school of $114,000, assumed an indebtedness susbstantially in excess of its obligation under *R. S.* 18:5–10.

The Commissioner apportioned the bonded indebtedness against the Borough by charging against it $114,000 for the indebtedness on the high school. He ·then added to that $105,740.99 which is the Borough's ratable proportion of the indebtedness of the whole original district, less $67,721.76 representing the Borough's ratable proportion of the high school indebtedness which it had already assumed under *R. S.* 18:5–6.

There is no basis in *R. S.* 18:5–10 for such apportionment as the Commissioner made. There is no authority in *R. S.* 18:5–10 for subtracting the Borough's ratable proportion of the high school indebtedness which it had already assumed under *R. S.* 18:5–6 from the Borough's ratable proportion of the liability of the whole original district. It was not the intention of the Legislature to make the Borough liable for the bonded indebtedness on the high school and also liable for its proportion of the bonded indebtedness of the whole original district prior to the separation. *R. S.* 18:5–6 and *R. S.* 18:5–10 are a part of the existing school law and are to be reconciled if possible so as to give purposeful meaning to each. This can be done if the indebtedness on the high school under *R. S.* 18:5–6 is deducted from the liability of the Borough for its proportion of the indebtedness of the whole original district outstanding at the time of separation. In this case, since the Borough's assumption of bonded indebtedness under *R. S.* 18:5–6 exceeds that of the bonded indebtedness that it would necessarily have had to assume under *R. S.* 18:5–10, the Borough owes nothing to the Township. This construction gives effect to both sections of the statute.

*R. S.* 18:5–8, under the facts of this case and in view of the above holding that there is no bonded indebtedness liability due to the Township, has no applicability at all.

There is no need to resort to the legislative history of *R. S.* 18:5–6 and *R. S.* 18:5–10 except to note that the latter was

passed in 1931 when the existing state of the law provided only for the assumption of the bonded indebtedness by the new school district within its area. The mischief of that state of the law is readily seen in *Board of Education of West Paterson v. Board of Education of Little Falls, supra,* wherein the court held that since "there was no provision therein (the school law) for the apportionment of a deficit," the new school district was "not liable for any part thereof." In this connection the court said: "Whatever the natural justice of the case may seem to be, it is a matter which is regulated entirely by statute, so far as there is any regulation, and where the legislature has failed to provide for a contingency such as this, it must be either regarded as a *casus omissus* or else the conclusion must be that the legislature, having contemplated the contingency of a deficit, chose to leave it where it originated, *viz.,* as an indebtedness of the original school district." Obviously, *R. S.* 18:5–10 makes more equitable the distribution of liabilities on the bonded indebtedness. Although in this particular case the Borough assumed all that was required when it assumed the bonded indebtedness of the new high school, it is easy to conceive of a situation where the bonded indebtedness might be very light under *R. S.* 18:5–6 and thus require the applicability of *R. S.* 18:5–10 to insure more equitable distribution of a heavy bonded indebtedness of the whole original district.

The judgment under review is reversed and the cause remanded to the State Board of Education to the end that a judgment may be entered in accordance with the views herein expressed.